JAMES R. CRAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6364. Promulgated June 14, 1927.

Under the statutes of Pennsylvania, a transferee of the beneficial interests of a member of a partnership is legally the owner of the profits that, but for such transfer, would have belonged to the transferor.

*James R. Cray, Esq.,* and *William W. Parshall, Esq.,* for the petitioner.
*Harold Allen, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiencies in income tax, as follows:

| | |
|---|---|
| 1918 | $3,002.42 |
| 1919 | 12,194.38 |
| 1920 | 30,395.33 |
| | 45,592.13 |

There is only a part of the deficiencies involved in the issues in this case. A large part of the deficiencies arose by reason of the Commissioner's action in asserting a larger income, for the years in question to the Puritan Coke Co., a partnership, than it had

returned, and thereby augmenting petitioner's distributive share. The controversy in regard to that matter not yet being settled, no evidence was submitted in regard to it.

The only part of the deficiency involved in this case arose by the action of the Commissioner in attributing to petitioner certain profits from the Puritan Supply Co. and the Simpson Supply Co. for the year 1920, the same being attributed to him as being a partner, whereas he contends that his wife and not he was the partner and that she was entitled to receive and did receive and return as her income, those profits, to wit:

From the Puritan Supply Co_____ $6, 634. 22
From the Simpson Supply Co_____ 1, 580. 55

There is only one issue in this case, that is, whether or not the petitioner, or his wife, in 1920, was the legal owner of the beneficial partnership interest in the two firms last mentioned.

### FINDINGS OF FACT.

The petitioner is an individual who resides in Uniontown, Pa. The Puritan Supply Co. is a partnership, which was organized in 1905 with four members, one of whom soon withdrew from the firm, and thereafter the firm consisted of three members, one of whom was the petitioner, who owned a one-third interest. There never were any written articles of partnership, only an oral agreement among the members of the firm. Until recent years, there were no records made or kept on the books of the company as to the membership of the firm or other like data. Its business was retail merchandising, conducted by a manager employed for that purpose. One of the partners, George S. Harah, acted as secretary and treasurer, and signed all checks of the company.

In the early part of the year 1920, petitioner transferred to his wife, Catherine L. Cray, his one-third interest in the Puritan Supply Co. and his one-fourth interest in the Simpson Supply Co. He thereafter received no part of the profits of those two companies. In 1921, the following checks were issued and signed by the Puritan Supply Co., by G. S. Harah, treasurer:

Check dated March 14, to C. L. Cray for_____ $3, 356. 56
Check dated July 1, to C. L. Cray for (with notation
  " return for 1920 profit ") _____ 2, 000. 00
Check dated Dec. 1, to Catherine L. Cray (with notation
  " Balance of 1920 ") _____ 1, 000. 00

There were no checks offered in evidence from the Simpson Supply Co. The one-third profits from the Puritan Supply Co. and the one-fourth profits from the Simpson Supply Co. were paid by those respective companies to Catherine L. Cray in 1920 and were not received by the petitioner.

Love: This is a companion case to that of *William W. Parshall*, 7 B. T. A. 318. The Pennsylvania statutes quoted in the opinion in the *Parshall* case, are applicable to the issues in this case and the same are here referred to and will not be again quoted.

The petitioner appeared at the hearing and testified positively and unequivocally that at the beginning of 1920 he transferred his entire interests in the Puritan Supply Co. and the Simpson Supply Co. to his wife, Catherine L. Cray. He was subjected to a searching cross-examination without effect. He was corroborated by his former associates, Harah and Parshall. In view of all the evidence in the case, we are convinced that the petitioner, in the early days of 1920, in good faith transferred his interests in the two companies herein named to Catherine L. Cray, and under the laws of Pennsylvania the transferee was entitled to demand and receive from those companies the profits that, in the absence of such transfer, the transferor would have been entitled to receive.

It was agreed by and between the petitioner and counsel for the Commissioner that the stipulation read into the record in the *Parshall* case, with reference to a typographical error in the computation of income to the Puritan Coke Co., applies to this petitioner also.

We assume that the error there pointed out will be duly corrected.

> *Judgment will be entered on 15 days' notice, under Rule 50.*